NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30010 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00067-BLW-1 |
| v. | |
| SERGIO CHAVEZ-MACIAS, AKA Sergio Armando Chavez-Macias, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted May 14, 2019**
Seattle, Washington

Before: O'SCANNLAIN and FRIEDLAND, Circuit Judges, and EZRA,*** District Judge.

Sergio Chavez-Macias appeals his conviction following a jury trial for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

conspiracy to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and the district court's denial of his motion for acquittal, *see* Fed. R. Crim. P. 29.

Reviewed de novo and construed in the light most favorable to the prosecution, the evidence presented at trial was sufficient for a rational jury to find every element of the conspiracy charge beyond a reasonable doubt. *See United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017); *United States v. Wiggan*, 700 F.3d 1204, 1210 (9th Cir. 2012). The jury could have concluded beyond a reasonable doubt, based on the testimony of David Wales and other witnesses, that Chavez-Macias agreed with some combination of Wales, co-defendant Sergio Chavez-Verduzco, and others to sell methamphetamine. Indeed, Wales testified that Chavez-Macias did exactly that. "It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction," *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (quoting *United States v. Dodge*, 538 F.2d 770, 783 (8th Cir. 1976)), and we do not review a jury's credibility determinations on appeal, *United States v. Endicott*, 803 F.2d 506, 515 (9th Cir. 1986). The Government's additional evidence of text messages that its expert testified referred to drug transactions provided further evidence to support the verdict.

**AFFIRMED.**